IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES MCNEIL,

      Plaintiff,                    No. 2:09-cv-1959 JFM (PC)

    vs.

TRUST OFFICE RESTITUTION,

      Defendant.                <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding pro se. On August 6, 2009, plaintiff filed a motion for leave to amend.

        The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, an amended or supplemental complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. <u>Id.</u>; <u>see also</u> E.D. Local Rule 15-220. Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

1

1         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
3 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
4 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
5 there is some affirmative link or connection between a defendant's actions and the claimed
6 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
7 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
8 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
9 Regents, 673 F.2d 266, 268 (9th Cir. 1982).
10         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
12 amended complaint be complete in itself without reference to any prior pleading. This is
13 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
14 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
15 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
16 original complaint, each claim and the involvement of each defendant must be sufficiently
17 alleged.
18         In accordance with the above, IT IS HEREBY ORDERED that:
19         1. Within thirty days from the date of this order, plaintiff shall complete the
20 attached Notice of Amendment and submit the following documents to the court:
21         a. The completed Notice of Amendment; and
22         b. An original and one copy of the Amended Complaint.
23 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
24 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
25 bear the docket number assigned this case and must be labeled "Amended Complaint." If
26 /////

1  plaintiff fails to file an amended complaint in accordance with this order, the action will proceed
2  on plaintiff's original complaint.
3  DATED: September 8, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

7  /001; mcne1959.10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES MCNEIL,

    Plaintiff,                      No. 2:09-cv-1959 JFM (PC)

    vs.

TRUST OFFICE RESTITUTION,        <u>NOTICE OF AMENDMENT</u>

    Defendants.
_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Amended Complaint

DATED:



DATED:                                       Plaintiff


                                        UNITED STATES MAGISTRATE JUDGE